Robbie W. DAVIDSON, et al.,
Appellants,

v.

UPTON COUNTY WATER
DISTRICT, Appellee.

No. 7021.

Court of Appeals of Texas,
El Paso.

Oct. 14, 1981.

Rehearing Denied Nov. 10, 1981.

Fillmore & Camp, P.C., Roy B. Johnson, Fort Worth, Paul W. Phy, P.C., Paul W. Phy, Dallas, for appellants.

Cantey, Hanger, Gooch, Munn & Collins, S. G. Johndroe, Jr., and John L. Gray, Fort Worth, John A. Menefee, Rankin, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is an appeal from the granting of a motion for summary judgment in favor of the Defendant, Upton County Water District. The suit was filed by a large group of the District's potential taxpayers and they sought to have declared unconstitutional House Bill 2180, Acts of the 65th Legislature, which created the District. We affirm the judgment of the trial Court.

The Act in question was enacted pursuant to Art. XVI, Sec. 59 of the Texas Constitution. It became effective May 25, 1977, and the boundaries of the District were identical to the boundaries of Upton County. The rural taxpayers within the District, believing that the purpose of the District was to furnish new water supplies only to the towns of McCamey and Rankin, presented to the Board of Directors petitions requesting that their lands be excluded from the boundaries of the District.

These petitions were filed in October, 1979. A meeting was called for hearings on the exclusions for November 6, but, at that time, the District refused to hold the meeting and denied the request for exclusions without hearing. The Plaintiffs, being the owners of the major portion of the farm and ranch lands in the County, then filed the present suit attacking the constitutionality of the Act creating the District as the Act failed to contain therein the specific purpose for which the District was established; that, alternatively, the Act should be declared unconstitutional if it be determined that the purpose of the District was to supply water only to the residents of Rankin and McCamey. They also sought injunctive relief prohibiting the District from acting until a plan be adopted, which would benefit all the lands within the boundaries of the District; and finally they requested that the District hold hearings on exclusion of lands from the District. The Defendant filed its answer and after extensive discovery filed its motion for summary judgment, which was heard on April 1, 1980. The Court in granting the Defendant's summary judgment made the following findings:

(1) "that House Bill No. 2180, a Special Act of the Legislature creating the Upton County Water District, is a valid statute and is not unconstitutional;"

(2) "that the specific public purposes for which the Upton County Water District was established are to provide a source of water supply for municipal, domestic, agricultural, commercial and industrial use, and diverting, impounding, storing, treating, and transporting the same, and acquiring, constructing, and operating water facilities;"

(3) "that House Bill No. 2180 does not provide for exclusion hearings or disannexation of property from the District on the basis that same has not been specially benefited or otherwise;"

(4) "that as a matter of law the 65th Legislature of the State of Texas had full

and complete power under Section 59 of Article XVI of the Constitution of the State of Texas to declare that the cost and expense of carrying out and effectuating the public purposes for which the Upton County Water District was created be raised by means of ad valorem taxation on all property in the District and" (5) "that the owners of such property have neither a constitutional nor statutory right to be heard on the question of benefits."

On January 10, 1980, the Defendant's First Amended Original Answer was filed and, at the same time, Defendant's Motion for Summary Judgment was also filed, and a hearing was set on the motion for February 18. Thereafter, the Plaintiffs filed a motion requesting a continuance on the motion and this was granted and the hearing reset. Thereafter, the Plaintiffs filed another motion for continuance and the summary judgment hearing was reset for April 1. Thereafter on March 25, the Plaintiffs filed an instrument designated as their Reply to Defendant's Motion for Summary Judgment and, on the same day, filed their first amended original petition.

On March 27, Defendant filed its motion to strike the Plaintiffs' First Amended Original Petition, the grounds being that the petition was filed without the Plaintiffs having obtained leave of the Court and that there was no compliance with Rule 63, Tex. R.Civ.P., as the same was filed within seven days of the date set for the hearing on the motion for summary judgment. The new petition contained for the first time a suit for damages against the individual members of the Defendant's Board of Directors, as well as certain Upton County officials. On April 1, the date on which the motion for summary judgment was heard, the trial Court sustained the Defendant's motion to strike the First Amended Original Petition, the individual Defendants being dismissed without prejudice.

■ The Plaintiffs' First Point is that the trial Court erred in granting the motion for summary judgment since it should have first ruled on the Defendant's special exceptions, and thus afforded the Plaintiffs a right to amend. The point is overruled. The special exceptions filed by the Defendant were immaterial to the granting of the summary judgment. None of the four special exceptions contained in the First Amended Original Answer were ever called to the attention of the trial Court and the same were waived and abandoned by the Defendant. *Rio Grande Valley Sugar Growers, Inc. v. Campesi,* 580 S.W.2d 850 (Tex.Civ.App.—Corpus Christi 1979) reversed on other grounds Tex., 592 S.W.2d 340. Further, we do not view the motion for summary judgment as an attack on the sufficiency of the Plaintiffs' petition. The summary judgment upheld the validity of House Bill 2180, and held that the Plaintiffs had no right to be heard on the question of benefits or of their exclusion from the Water District. Finally, the Plaintiffs failed to raise the subject matter of this complaint in the trial Court at the summary judgment hearing and the Point has been waived. Rule 166–A(c) Tex.R.Civ.P.; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The Plaintiffs' Second Point of Error is that the trial Court erred in granting the motion for summary judgment because the Act creating the Defendant granted it the right to use all non-conflicting laws and prohibits exclusions of territory only after bonds are issued. Under this point the Plaintiffs argue that from an interpretation of the Act, as a whole, the necessary implication is found that the Plaintiffs had the right to petition the Board to exclude their land from the District boundaries and that the District then had the power to act on those requests and exclude the ones that were meritorious.

They arrive at this conclusion from the wording of two sections of the Act. Section 16(a) thereof provides in part: "no territory shall be detached from the District after the issuance of bonds . . ." Sec. 23 thereof

provides in part: "... the District ... shall have the right to use the provisions of any other laws not in conflict with the provisions hereof to the extent convenient or necessary to carry out any power or authority, expressed or implied, granted by this Act." It is the Plaintiff's position that when the Legislature provided in Section 16(a) that territory could not be detached after the issuance of bonds, it necessarily implied that territory could be detached prior to the District having issued any bonds. Further, the broad and clear right to use any other laws not in conflict with the provisions of House Bill 2180 to carry out any power or authority granted by the Act would mean that the District was given the right to exclude lands provided for in Section 51.691 et seq. and 54.701 et seq., Texas Water Code.

■ The fundamental and dominant rule controlling the construction of a statute is to ascertain, if possible, the intention of the Legislature expressed therein, and the intention of the Legislature must be ascertained from the entire Act and not from isolated portions thereof. Art. 10, sec. 6, Tex.Civ.Stat.Ann.; *Calvert v. Texas Pipe Line Company*, 517 S.W.2d 777 (Tex.1974). In arriving at the intent and purpose of the Legislature, it is proper to consider the history of the subject matter involved, the end to be obtained, the mischief to be remedied and the purpose to be accomplished. A subordinate rule is that in examining the entire Act, it is proper to examine the caption or preamble, the body of the Act, and the emergency clause. *Anderson v. Penix*, 138 Tex. 596, 161 S.W.2d 455 (Tex.1942).

With these rules in mind, we see that in creating the District the Legislature fixed and determined that its boundaries should be the same as the boundaries of Upton County (Sec. 2 H.B. 2180); it determined and found that all the land included within the area and boundaries of the District would be benefited by the works and projects which were to be accomplished by the District, pursuant to powers conferred by the provisions of Art. XVI, Sec. 59, of the Texas Constitution, and that such District was created to serve a public use and benefit (Sec. 3 H.B. 2180); and further determined that an additional source of water was immediately and urgently needed in the District and that an emergency and an imperative public necessity existed. (Sec. 26 H.B. 2180). From the above, it is thus seen that the Legislature determined and found the facts and rendered judgment that an additional source of water was immediately and urgently needed in the District; that the boundaries of the District should be coterminous with the boundaries of Upton County, and that all property of whatever kind would be subject to taxation, and finally no specific provision was made for any benefit hearing as to whether or not property should be excluded from the District by reason of the fact that it may or may not have been benefited specially or directly.

■ Since the Upton County Water District was created directly by special act of the Legislature, the following from *Brazos River Conservation and Reclamation Dist. v. McCraw, Atty. Gen.*, 91 S.W.2d 665, 126 Tex. 506 (1936), applies: "This district was created directly by legislative enactment, and, of course, no hearing was necessary on the question of benefits. *State v. Ball*, 116 Tex. 527, 296 S.W. 1085."

To the same effect was the holding of the Court in *Southern Pine Lumber Company v. Newton County Water Supply District*, 325 S.W.2d 724 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.). There the Court said:

A distinction is drawn between districts which are established directly by a special act of the Legislature in carrying out the mandate of and in conformity with the Conservation Amendment to the Constitution of the State (Art. XVI, Sec. 59) ... and those districts organized primarily for private purposes under the permissive terms of this section of Art. XVI of the Constitution and the general statutes. *Brazos River Conservation and Reclama-*

*tion District v. McCraw,* 126 Tex. 506, 91 S.W.2d 665, 670. This case holds that as to those districts first mentioned as in the *Brazos River, etc. District,* no hearing is necessary on the questions of benefits. While the *Brazos River Conservation* case involved a much larger area than the Newton County Water District, yet the area in and of itself is not controlling and the language making the Water Supply District a governmental agency and body politic with the powers of government therein specified, and finding that the creation of such district is essential to the accomplishment of the purposes set forth in said Sec. 59, Article XVI, of the Constitution has the same effect as the language creating the Brazos River Conservation District, and makes the Newton County Water Supply District one of the class first above mentioned having the full status of a governmental agency.... The district is a political subdivision of the State and stands upon the same footing as counties.... It logically follows that property owners of the District are not entitled to a hearing on benefits to their property.

The case of *Hydrocarbon Production Company v. Valley Acres Water District,* 204 F.2d 212, 214 (5th Cir. 1953), is also in point though the Court was primarily concerned with a constitutional attack made upon the water district involved. There the owners of mineral interests in the District, which became subject to the District taxing powers and which could receive no possible benefits from the creation of the District, attacked the constitutionality of the creation of the District and also argued that they were entitled to a hearing on the question of benefits. In upholding the validity of the District, the Court pointed out that the constitutional provision and authorities clearly declare that the cost and expense of carrying out and effectuating the public purpose for which such districts may be created may be raised either by means of ad valorem taxation on all properties in the district or by means of a special assessment, where the tax is levied in proportion to the benefits. The Court held that owners of property in the district have no constitutional right to be heard on the question of benefits, and that a Legislature when it fixes the boundaries of a district is supposed to have made proper inquiry, and to have finally and conclusively determined the fact of benefits to the land included in the district.

■ In view of the fact that the Legislature established the boundaries of the Upton County Water District and provided that the ad valorem plan of taxation would be used, we overrule the contention made by the Plaintiffs that benefit hearings can be implied from the wording of the statute. The statement in Section 16(a) that no territory should be detached from the District after the issuance of bonds was made to insure that the tax and revenue base supporting and providing the debt service on outstanding bonds would never be impaired. It does not manifest an intention on the part of the Legislature that prior to the issuance of the bonds, implied authority existed to exclude lands and change the boundaries of the District. Finally, the Upton County Water District is a Conservation and Reclamation District created by special act of the Legislature and is neither a Water Control and Improvement District nor a Municipal Utility District and statutes relating to those types of districts do not apply to the Upton County Water District. The Second Point is overruled.

■ The Plaintiffs' Third Point of Error is that the trial Court erred in granting the Defendant's motion for summary judgment upholding the validity of the Act because the authorized purposes of the District are stated only in the caption of the Act and are not contained in the body of the Act. The Plaintiffs argue that the body of the Act contains no provisions specifying the purposes for which the District was established. The Point is overruled. Legislative intent is to be ascertained from the whole

Act including the caption. *Sanchez v. L. Brandt*, 567 S.W.2d 254 at 258 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ The Fourth Point is that the trial Court erred in granting the motion for summary judgment since the Defendant did request, accept, call and hold a public hearing on the Plaintiffs' request for exclusion of land and therefore cannot now deny its authority to make such exclusion. The record indicates that the Board of Upton County Water District invited the Plaintiffs to file their petitions for exclusion, however, at the meeting where the petitions were presented, the Board refused to allow the presentation of any evidence by the Plaintiffs. As previously pointed out, we have held that there was not statutory authority delegated to the District by which the District could hold such hearings. Regardless of what action was initially taken by the Board of Directors, the District had no power to exclude land. In view of this, the Point is overruled.

■ The Plaintiffs' last Point is that the trial Court erred in granting the motion for summary judgment because it did not dispose of the Plaintiffs' request for declaratory judgment and denied their request to introduce evidence showing an unlawful scheme present in the creation of the District. The position of the Plaintiffs was that they were entitled to show that a plan had been adopted to provide water only to those persons residing in Rankin and McCamey with no consideration being given to providing water to other than the residents of the two towns. Again, the question of benefit is not controlling. The question is purely a political one and the Legislature had the power to include in the District lands which will derive no direct benefit from the project. *Hydrocarbon Production Company v. Valley Acres Water District, supra; Western Union Telegraph Co. v. Wichita County Water Improvement Dist. No. 1*, 30 S.W.2d 301 (Tex.Com.App. 1930, judgmt affirmed); *C.E. Carter v.*

*Hamlin Hospital District*, 538 S.W.2d 671 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.), 430 U.S. 984, 97 S.Ct. 1680, 52 L.Ed.2d 378. The Point is overruled.

The judgment of the trial Court is affirmed.