Brenda Gail ARCHER, Appellant,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver For First Re-
publicbank Houston, N.A., Appellee.

No. A14–92–00067–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1992.

Rehearing Denied June 25, 1992.

Gregory A. Stewart, Houston, for appel-
lant.

Stephen G. Scholl, Fred Rhodes, Hous-
ton, for appellee.

Before J. CURTISS BROWN, C.J., and
SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judg-
ment in favor of appellee, Federal Deposit
Insurance Corporation as Receiver for
First RepublicBank Houston, N.A. (FDIC).
Appellant, Brenda Gail Archer, brought
suit against First RepublicBank Houston,
N.A. (RepublicBank) and several other
banks alleging negligence and violations of
Tex.Bus. & Com.Code Ann. §§ 3.401, 3.404,
3.419 (Vernon 1968).  FDIC intervened on
behalf of RepublicBank as Receiver.  The
trial court granted FDIC's motion for sum-
mary judgment on the basis of Tex.Prob.
Code Ann. §§ 408(c), 409 (Vernon 1980).
Appellant initiated this appeal after the
litigation against the other defendants be-
came final.  In a single point of error, she
complains that the trial court erred in
granting summary judgment based on an
erroneous interpretation and application of
the Probate Code.  We affirm.

In June 1978, appellant's mother was
killed in an automobile accident.  Appel-
lant, who was then ten years old, recovered
approximately $100,143 from a wrongful
death action brought on her behalf.  Her
aunt, Lula Bell Hendrix (Hendrix), was ap-
pointed permanent guardian of the estate
of appellant.  Hendrix's attorney, George
Dixie (Dixie), filed a motion to reduce bond
expenses and have all funds put under a
safekeeping arrangement with several local
banks.  This motion was granted and the
funds were put in safekeeping accounts
under the name Estate of Brenda Gail
Archer, Lula Bell Hendrix, Guardian, at
several banks, including RepublicBank's
predecessor in interest.  After appellant's
18th birthday, the probate court issued an
order directing "all the estate remaining in

the hands of the guardian and the banking institutions which said guardianship funds are now deposited, to-wit: [First Republic-Bank Houston, N.A.], ... be immediately delivered over to Brenda Gail Archer." RepublicBank issued a check for the full account balance in the amount of $64,745.65 payable to "Estate of Brenda Gail Archer, Lula Bell Hendrix Guardian." The check was forwarded to the guardian's attorney, Dixie, who in turn forwarded the check to Hendrix by certified mail, return receipt requested. Dixie got the return receipt back evidencing receipt of the check by appellant at Hendrix's address. Hendrix thereafter endorsed the check and misappropriated the funds. The other banks issued checks made payable to "Brenda Gail Archer" and also forwarded them to Hendrix. On those checks Hendrix forged appellant's signature and misappropriated the funds. Appellant, upon learning of the misappropriation, brought suit against all banks involved.

■ Appellant, in one point of error, alleges that the trial court misinterpreted and misapplied TEX.PROB.CODE ANN. §§ 408(c), 409 (Vernon 1980) and, therefore, erred in granting summary judgment.

For summary judgment to have been granted properly, FDIC must have established that it was entitled to judgment as a matter of law and there was no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). We must view the evidence in the light most favorable to appellant, the non-movant. Additionally, every reasonable inference should be made in favor of appellant, and we will resolve all doubts against FDIC, the movant. *Id.* at 548–49. *See also Turboff v. Gertner, Aron & Ledet Invs.*, 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied). In this case, appellant and FDIC agree as to the facts of how payment was made. Therefore, we must determine whether the trial judge properly applied the law in granting FDIC's motion for summary judgment.

Section 408 deals with the final settlement of an estate and subsection (c) states,

"If, upon such settlement, there be none of the estate remaining in the hands of the representative, he shall be discharged from his trust and the estate ordered closed." TEX.PROB.CODE ANN. § 408(c) (Vernon 1980). Section 409 is entitled "Money Becoming Due Pending Final Discharge" and provides:

Until the order of final discharge of the personal representative is entered in the minutes of the court, money or other thing of value falling due to the estate or ward while the account for final settlement is pending may be paid, delivered, or tendered to the personal representative, who shall issue receipt therefor, and the obligor and/or payor shall be thereby discharged of the obligation for all purposes.

TEX.PROB.CODE ANN. § 409 (Vernon 1980). As the appellant herself has noted, there is no caselaw regarding the application of section 409 to this fact situation. There is at least one case applying section 409 to facts where a third party owed money to the decedent and the funds were held properly to be paid to the personal representative of the estate. *See Moore v. Vines*, 461 S.W.2d 642, 651 (Tex.Civ.App.—Dallas 1970); *rev'd on other grounds*, 474 S.W.2d 437 (Tex.1971). Such application of section 409, however, is not helpful to our construction of the section in this case. Further, this section was adopted in 1955 and the legislature did not record its sessions in 1955 or produce committee reports that would reveal the legislative intent behind section 409. This section was promulgated by the Joint Committee for Reform of the Texas Probate Code, which consisted of State Bar members, Civil Judicial Council members, the Texas Bankers Association, and law school members.

■ Thus, we must construe the statute and determine its applicability to this case. In construing a statute, this Court will give the statutory language its common everyday meaning, unless the statute is vague or ambiguous. *Cail v. Service Motors Inc.*, 660 S.W.2d 814, 815 (Tex. 1983). Since we do not find the language of the statute to be vague or ambiguous,

we are bound to follow the letter and intent of the statutory provision without utilizing extrinsic aids and rules of statutory construction. *See id.; Ayre v. Brown & Root, Inc.,* 678 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The plain language of the statute states the "money ... falling due the ... ward while the account for final settlement is pending may be paid, delivered, or tendered to the personal representative...." TEX. PROB.CODE ANN. § 409 (Vernon 1980). Hendrix was still the personal representative of appellant, the account for final settlement was pending when RepublicBank paid the check, the check was delivered to Hendrix in her capacity as personal representative for appellant, and receipt was acknowledged by return of the green card containing appellant's signature at Hendrix's address, and endorsement and cashing of the check by Hendrix. The requirements of section 409 are met in this fact situation.

Although the results of this case are harsh, we cannot carve out an exception to the statute for appellant. Such a fact based construction would create an unequal application of the law. The Probate Code contains numerous sections that state a bank "may pay" the funds in an account to a party named on the account card. *See* TEX.PROB.CODE ANN. (Vernon 1980). These sections are generally recognized as protection for financial institutions from lawsuits brought by the true owner of funds paid out by the bank. *See Stauffer v. Henderson,* 801 S.W.2d 858, 861 (Tex.1990). We, overrule appellant's point of error.

The judgment of the trial court is affirmed.