Stephen L. KAYE and Charlotte Kaye, Appellants,

v.

HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NUMBER 9, NORTHWEST HARRIS COUNTY, Appellee.

No. B14–92–01343–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 1993.

Gerald P. De Nisco, Houston, for appellants.

James K. Bonham, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from the trial court's granting summary judgment in favor of appellee, Harris County Municipal Utility District Number 9 ("the District"). Appellants bring two points of error, claiming there are material issues of fact which preclude summary judgment, and challenging the constitutionality of the statute which governs the exclusion of property from a municipal utility district. We affirm.

In 1991, appellants, Stephen and Charlotte Kaye petitioned the District to have their real property excluded from the District's taxing scheme, since the District was unable to provide the property with water and sewer service. The District refused to exclude the property, contending that it could not do so under the statute which governs such exclusions. Appellants brought suit to have the property excluded, or in the alternative to have the value of improvements on the land excluded from taxation. The District filed a general denial and moved for summary judgment. The summary judgment proof shows that the prior owners of appellants' property had petitioned to have the property *admitted* to the District, and that it was admitted on June 11, 1986. In the petition, the prior owners specifically accepted and assumed a proportionate part of the District's indebtedness, authorized the District to levy taxes on the property to pay a proportionate share of the voted but unissued bonds, and accepted and acknowledged the District's power to levy taxes against the property for payment of outstanding or anticipated debts. The summary judgment proof also shows that bond elections were held in the District on August 13, 1977, September 11, 1982, April 7, 1984 and December 1, 1990. Bonds were sold by the District in 1979, and twice in 1985. Appellants purchased the property in 1989, and after being informed in 1990 that water and sewer service could not be supplied to the property, attempted in 1991 to have the property excluded from taxation by the District. After examining the pleadings

and the summary judgment proof, the trial court granted appellee's second motion for summary judgment. Appellants subsequently filed a motion to set aside judgment, which was denied by the trial court. Appellants then perfected this appeal.

■ The standard for reviewing a trial court's granting of summary judgment is well settled. A movant for summary judgment must establish that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed material fact, evidence favorable to the non-movant will be taken as true, and any doubts resolved in his favor. *Id.* at 548–49. Summary judgment for the defendant is proper when the proof shows that no genuine issue of material fact exists on one or more of the essential elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). The non-movant must expressly present to the trial court any reason that would defeat the movant's right to summary judgment by filing a written answer or response to the motion. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). If the non-movant fails to present an issue to the trial court, he may not later plead that new ground as error on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

In their first point of error, appellants contend that the trial court erred in granting summary judgment because material issues of fact exist regarding appellee's ability to exclude appellants' property from the District under the relevant statute. The statute at issue in this case is TEX.WATER CODE ANN. §§ 54.701–738 (Vernon 1972 and Vernon Supp.1993), which governs adding and excluding property from a municipal utility district. Appellants maintain that fact issues exist as to: (1) appellee's compliance with § 54.726, which mandates that a district endeavor to serve all land in the district without discrimination; (2) the legislative intent of the statute in insuring an adequate tax base in the district; (3) the "obligation

points" of the statute; and (4) the public interest in annexation and provision of services.

We first note that appellants have failed to preserve for appellate review the issues regarding the public interest and appellee's compliance with § 54.726. In an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to and considered by the trial court. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992). Issues not presented to the trial court by written motion, answer or other response are not preserved for appeal. *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 569 (Tex.App.—Houston [14th Dist.] 1990, writ denied); Tex.R.Civ.P. 166a(c). Appellants bring up the issues of the public interest and appellee's compliance with § 54.726 for the first time in their brief to this court. Since they did not present these issues to the trial court in response to appellee's motion for summary judgment, they have waived the opportunity to argue them as grounds for reversal on appeal.

■ Appellants' remaining arguments both center around the construction of Subchapter H of the Water Code, entitled "Adding and Excluding Territory; Consolidating and Dissolving Districts." Appellants attempted to have their land excluded from the District pursuant to the provisions of § 54.-701(b), which reads:

> The board must call a hearing on the exclusion of land or other property from the district on the written petition of any landowner or property owner in the district filed with the secretary of the board *before the first election* on the question of whether bonds should be issued payable in whole or in part from taxes is ordered. (Emphasis added.)

Tex.Water Code Ann. § 54.701(b) (Vernon Supp.1993). Appellants argue that this section is in conflict with § 54.714(b), which reads:

> If the district has bonds payable in whole or in part from taxation which are voted but unissued *at the time of an annexation*, and the petitioners assume the bonds and authorize the district to levy a tax on their property to pay the bonds, then the board

may issue the voted but unissued bonds even though the boundaries of the district have been altered since the authorization of the bonds. (Emphasis added).

Tex.Water Code Ann. § 54.714(b) (Vernon 1972). Appellants contend that since § 54.-701 uses the first bond election as the cut-off point for excluding land, and § 54.714 uses the issuance of already voted bonds as the cut-off point, this places the statutory provisions in conflict. Appellants' argument fails, however, since appellants are attempting to exclude land and § 54.714 applies only when the petition is to *add* land to the district. Thus, the two provisions are not in conflict, and § 54.714 does not apply to appellants in this situation.

Appellants also argue that a fact question exists as to the intent of the legislature in enacting Subchapter H of the Water Code. Appellants rely on *Davidson v. Upton County Water Dist.*, 624 S.W.2d 927 (Tex.App.— El Paso 1981, writ ref'd n.r.e.) to argue that the legislature intended that property included within the District at the time of *issuance* of bonds, which are paid from property tax revenues, is relied upon for debt service and therefore should not be excluded after bonds are *issued*. Thus, they continue, property added to the District after bonds are issued is not relied on for debt service, and can thereafter be excluded without impairing the District's ability to pay its debt. Appellants' argument fails for three reasons. First, appellants' reliance on *Davidson* is misplaced. The statute construed in *Davidson* was a special act of the legislature, not the portion of the Water Code at issue in the case before us today. In addition, the court in *Davidson* clearly stated that the defendant water district in that case was not a municipal utility district, and statutes relating to that type of district did not apply to the defendant. Today, we construe a statute relating specifically to municipal utility districts. Thus, the discussion of legislative history in *Davidson* has no relevance to the case before us today.

■ Second, appellants' argument fails because their predecessors in title expressly assumed the debt of the District and authorized the District to tax the property to pay a

proportionate share of outstanding debt, and debt which the District would incur in the future. Even if the legislative intent was to provide that land added after bond sales would not be relied on for debt service, because the former owners of the property authorized the District to tax the property to pay the debt, the District thereafter could expressly rely on the taxes from the property in its payment of outstanding and future debt, legislative intent notwithstanding.

▇▇▇▇ Last, appellants' argument fails because, although they argue that there is a fact issue as to the intent of the legislature in enacting § 54.701, statutory construction is a question of law and it is up to a court to give effect to the legislature's intent. *Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 232 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The plain language of § 54.701(b) defeats appellants' claim that the District should have excluded their land. In construing a statute, a court should give the statutory language its common everyday meaning, unless the statute is vague or ambiguous. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983); *Archer v. F.D.I.C.,* 831 S.W.2d 483, 484 (Tex.App.—Houston [14th Dist.] 1992, no writ). Giving the words "first election" their everyday meaning, we find that the first bond election for the District occurred in 1977, fourteen years prior to the time appellants attempted to have their land excluded from the district. Even if we allow that the land was not included in the District until 1986, the "first election" after the land was annexed occurred in 1990, one year before appellants filed their exclusion petition. Based on the clear language in § 54.701(b), the time had passed for appellants to petition for exclusion from the District, the District therefore was unable by law to exclude appellants' property, and the District was justified in levying taxes on the property. The language of § 54.701(b) is unambiguous. We are therefore bound to follow the letter of the law without using extrinsic aids and rules of statutory construction. *Archer,* 831 S.W.2d at 484–85. Section 54.701(b) states that appellants should have petitioned to have their land excluded before the first bond election. Since they failed to do so, their land is in-cluded in the District and is subject to taxation on the same basis as other land within the District.

The trial court did not err in granting appellee's motion for summary judgment based on the statute and summary judgment proof showing when the bond elections occurred and when appellants petitioned for exclusion. Appellants' first point of error is overruled.

▇▇▇▇ In their second point of error, appellants argue that Subchapter H of the Water Code is unconstitutional because it allows taxation on a basis that is unequal, arbitrary, and illegal, and has worked to appellants' substantial injury. Appellants, however, failed to present this argument to the trial court prior to the granting of summary judgment, and only presented this issue to the trial court in their motion to set aside judgment. In making a determination whether to grant or deny summary judgment, the trial court may only consider pleadings and proof on file *at the time of the hearing,* or filed before judgment with the permission of the court. Tex.R.Civ.P. 166a(c) (emphasis added). A trial court does not abuse its discretion by refusing to consider summary judgment pleadings filed after the summary judgment hearing. *Leinen v. Buffington's Bayou City Serv. Co.,* 824 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1992, no writ). Even a constitutional challenge not expressly presented to the trial court by written motion, answer, or other response to a motion for summary judgment is waived if raised on appeal. *Lynch v. Port of Houston Auth.,* 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *see also, Cannon v. Lemon,* 843 S.W.2d 178, 183 (Tex.App.—Houston [14th Dist.] 1992, writ denied). If not raised properly in the trial court, a court of appeals may only consider fundamental errors of constitutionality. *Dallas Market Ctr. Dev. Co. v. Beran & Shelmire,* 824 S.W.2d 218, 222–23 (Tex.App.—Dallas 1991, writ denied). A fundamental error is present when the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is asserted in the

statutes or Constitution of Texas. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Since the trial court had jurisdiction, and appellants are claiming that they personally are being taxed unfairly, the appellants' failure to raise the constitutionality of Subchapter H is not a matter of fundamental error. Appellants therefore waived any error concerning the constitutionality of the statute when they did not raise the issue in response to appellee's motion for summary judgment. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.