Jennifer JOHNSON, Appellant

v.

OXY USA, INC. and Texas Workforce Commission, Appellees

NO. 14–14–00831–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed January 7, 2016

Rehearing Denied February 5, 2016

Leslie Wm Adams, Houston, for Appellant.

Peter E. Laurie, Austin, Sheri Lynn Caldwell , Dallas, Holly H. Williamson, Houston, for Appellees.

Panel consists of Justices Jamison, McCally, and Wise.

## OPINION

Ken Wise, Justice

Appellant, Jennifer Johnson, appeals the trial court's order granting appellees Oxy USA, Inc. ("Oxy") and the Texas Workforce Commission's ("the TWC") Joint Motion for Summary Judgment and Partial Plea to the Jurisdiction. We affirm in part and reverse and remand in part.

### BACKGROUND

Oxy employed Johnson as a finance analyst from 2002 to 2013. According to Johnson, Oxy notified her in 2011 that the requirements of her position had changed. As a result, Johnson enrolled in courses to obtain a CPA license. Oxy reimbursed Johnson for the cost of the courses. After Johnson voluntarily left her position at Oxy in February 2013, Oxy withheld the cost of the CPA courses from Johnson's final paycheck. Johnson subsequently filed a claim for unpaid wages with the TWC.

Both Oxy and Johnson admit that the parties signed an agreement regarding reimbursement from Oxy to Johnson for the cost of the courses. Oxy argues that pursuant to the agreement, it was entitled to withhold the cost of the courses from Johnson's final check because she worked less than one year from the date of reimbursement. Johnson contends that the agreement does not apply because the funds should have been classified as a business expense, which did not have to be repaid upon resignation under Oxy's Educational Assistance Policy.

The TWC issued a Preliminary Wage Determination Order on June 3, 2013, concluding that Johnson was not entitled to unpaid wages or unpaid vacation pay because "the withheld wages were authorized by the claimant in writing." Johnson appealed the preliminary determination on June 17, 2013, but the TWC denied her appeal in a "Texas Payday Law Decision" mailed on July 26, 2013. The Payday Law Decision clearly stated: "The attached de-

cision will become final **fourteen (14)** calendar days after the date mailed shown above, unless within that time a party to the appeal files a written request for reopening or a written appeal to the Commission." Johnson attempted to appeal the decision, but her appeal was received late.[1] As a result, on October 18, the TWC dismissed Johnson's appeal as untimely. Johnson filed a Motion for Rehearing with the TWC, but that motion was also denied. Johnson then filed this lawsuit against Oxy and the TWC on February 7, 2014.

Johnson's original petition named Oxy and the TWC as defendants and included four causes of action: (1) "Oxy's Violation of the Texas Payday Law;" (2) "Review of TWC's Application of the Texas Payday Law;" (3) breach of contract; and (4) declaratory judgment. In her petition, Johnson demanded payment of $4,542.78 from the defendants, plus costs and attorney's fees. After answering Johnson's suit separately, Oxy and the TWC filed "Defendants' Joint Special Exception, Partial Plea to the Jurisdiction, and Motion for Summary Judgment."

The trial court issued an order granting Oxy and the TWC's partial plea to the jurisdiction and motion for summary judgment. In its order, the trial court concluded that res judicata barred Counts One, Three, and Four of Johnson's petition. The trial court also concluded that its jurisdiction was limited to whether Johnson's appeal to the TWC was timely and affirmed the TWC's decision in that regard. Johnson appeals.

## ISSUES AND ANALYSIS

On appeal, Johnson alleges the following: (1) the trial court erred in granting summary judgment based on res judicata;

and (2) the trial court erred in granting the partial plea to the jurisdiction based on the finding that its jurisdiction was limited to a consideration of whether Johnson's appeal was timely. Before turning to the res judicata issue, we must first determine whether the trial court correctly granted the partial plea to the jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993); *Hull v. Davis*, 211 S.W.3d 461, 463 (Tex.App.–Houston [14th Dist.] 2006, no pet.).

## I. Defendants' Partial Plea to the Jurisdiction

A party may challenge a trial court's subject-matter jurisdiction by a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999) (per curiam). Whether a trial court has subject-matter jurisdiction is a question of law; therefore, we review the trial court's order de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In deciding a plea to the jurisdiction, we look to whether the plaintiff has alleged facts in her pleadings that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We consider only the plaintiff's pleadings and the evidence pertinent to the judicial inquiry, and we do not consider the claim's merits. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

Oxy and the TWC argue that this court's jurisdiction is limited to a review of "whether Plaintiff timely appealed a previous decision to the Commission." To support their contention, Oxy and the TWC rely on our decision in *Tex. Workforce Comm'n v. City of Houston*, No. 14–07–

---

1. Johnson's appeal was due on August 9, 2013. It was faxed to the TWC after hours on

August 12 and was marked "received" on August 13.

00407–CV, 2009 WL 396208 (Tex.App.–Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem.op.). In that case, the TWC hearing examiner determined that the city's protest to a former employee's wage claim was filed late. *Id.* at *1. The examiner's decision only concerned the timeliness issue and whether the city had been given an extension to the deadline as it claimed. *Id.* The examiner's decision was subsequently affirmed by the appeals tribunal and the commission. *Id.* The city then appealed the commission's decision to the district court. *Id.* After the district court reversed the commission, the commission appealed to this court. *Id.* On appeal, we agreed with the commission that we could only address the timeliness issue:

> The courts have subject-matter jurisdiction to review only a final decision by the commission. *See* Tex. Lab.Code § 212.201 (Vernon 2006). The examiner determined on February 21 that the city filed its protest one day late and therefore waived its rights to appeal the decision on the protest. The February 21 decision did not address whether the employee was eligible to receive unemployment benefits. Because timeliness was the only issue addressed in the February 21 decision, that was the only issue properly before the appeals tribunal when it affirmed the February 21 decision on April 11, and it was likewise the only issue before the commission when it affirmed the April 11 tribunal decision on June 2. The case before us now concerns only the city's appeal of the commission's decision on June 2. The scope of this court's jurisdiction only extends as far as the language of the decision being appealed. Therefore, we have subject-matter jurisdiction only over the June 2 decision regarding the timeliness of the city's protest, and not over the April 11 decision by the com-

mission on the city's motion to rehear Adams's unemployment-benefits claim.

*Id.* at *2. We conclude that *City of Houston* is controlling in this case. Like in *City of Houston*, the October 18 decision here only addressed the timeliness of Johnson's appeal. The decision stated in relevant part:

> Section 61.061 of the Texas Labor code provides that a decision of the Wage Claim Appeal Tribunal shall be final unless an appeal is filed within fourteen (14) days from the date of mailing such decision.
>
> The statutory period in which an appeal could be filed expired August 9, 2013. This appeal was filed August 13, 2013, and is therefore late. The Commission is without jurisdiction to hear the appeal, and it is dismissed.

■ Therefore, because the decision only focused on the timeliness issue, our jurisdiction is likewise limited. *City of Houston*, 2009 WL 396208 at *2. Contrary to Johnson's argument, we are unable to review the Wage Claim Appeal Tribunal's decision dated July 26, 2013. As we noted in *City of Houston*, in order for this court to have jurisdiction to review a commission decision, the party claiming to be aggrieved by a final decision of the commission must first have exhausted the available administrative remedies. *City of Houston*, 2009 WL 396208 at *2; *see also* Tex. Lab.Code § 212.203(a). Here, Johnson failed to exhaust her administrative remedies with regard to the July 26 decision because she filed her appeal late. *See Hull*, 211 S.W.2d at 465 (concluding that claimant failed to exhaust administrative remedies under Payday Law when he failed to seek a hearing on Preliminary Wage Determination Order within 21 days as required by § 61.054). As a result, we are unable to review the July 26 decision. However, we can review the October 18

decision because Johnson did exhaust her administrative remedies by timely appealing that decision. We hold that the trial court correctly found its jurisdiction was limited to the timeliness consideration, and we overrule Johnson's first issue.

## II. Defendants' Motion for Summary Judgment

In her second issue, Johnson argues that the trial court erred in granting the defendants' joint motion for summary judgment. In its order, the trial court first determined that the TWC's October 18 decision regarding the timeliness issue was supported by substantial evidence.[2] The court then held that res judicata barred Johnson's three remaining claims. We first review the trial court's ruling on the October 18 decision and then turn to the res judicata question.

### A. Count Two—Review of TWC's Application of the Texas Payday Law

■■■ In the October 18 decision, the TWC concluded that Johnson's appeal was filed late. We review a TWC decision de novo to determine whether substantial evidence supports the ruling. See Tex. Lab. Code § 212.202(a); McCrory v. Henderson, 431 S.W.3d 140, 142 (Tex. App.–Houston [ 14th Dist.] 2013, no pet.). The TWC's action is presumed valid, and the party seeking to set aside the decision has the burden to show that it was not supported by substantial evidence. McCrory, 431 S.W.3d at 142. Whether there is substantial evidence to support an administrative decision is a question of law. Tex. Dep't of Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex.2006). "Substantial evidence is not proof beyond a reasonable doubt or even a preponderance of the

evidence; it need only be more than a scintilla." Garza v. Tex. Alcoholic Beverage Comm'n, 138 S.W.3d 609, 613 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

We review the trial court's judgment by comparing the TWC's decision with the evidence presented to the trial court and the governing law. McCrory, 431 S.W.3d at 142. We determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC's decision. Id.;see also Alford, 209 S.W.3d at 103.

Applying this standard of review, we begin by summarizing the evidence supporting the TWC's decision. Pursuant to Section 61.061(c) of the Texas Labor Code, an order from the wage claim appeal tribunal becomes final 14 days after the day it is mailed. Tex. Lab.Code § 61.061(c). Here, the Payday Law Decision was mailed on July 26, 2013; thus, Johnson had until August 9 to timely appeal. Her appeal acknowledges that she received the Payday Law Decision on July 31, several days before the deadline expired. However, Johnson did not send her appeal to the TWC until August 12. She admits the same in her motion for rehearing. Johnson has not offered any evidence to controvert the TWC's finding that her appeal was late. Furthermore, Johnson states in her brief that she "does not appeal the trial court's decision regarding the TWC" and "does not take issue with the determination that her appeal was untimely." For these reasons, we conclude that the summary judgment record shows as a matter of law that substantial evidence supports the TWC's decision. We therefore affirm the trial court's grant of summary judgment with regard to Count Two.

2. It appears from the trial court's order that summary judgment was granted with respect to Count Two for this reason.

*B. Counts One, Three, and Four— Oxy's Violation of the Texas Payday Law, Breach of Contract, and Declaratory Judgment*

 We next consider whether the trial court correctly held that Johnson's remaining claims were barred by res judicata. In a court of law, a claimant typically cannot pursue one remedy to an unfavorable outcome and then seek the same remedy in another proceeding before the same or a different tribunal. "Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action." *Igal v. Brightstar Info. Tech. Grp., Inc.,* 250 S.W.3d 78, 86 (Tex.2008), *superseded by statute on other grounds,* Act of Apr. 28, 2009, 81st Leg., R.S., ch. 21, §§ 1–2, 2009, Tex. Gen. Laws 40, 40 (codified at Tex. Lab.Code § 61.052(b-1) and as an amendment to Tex. Lab.Code § 61.051(c)), *as recognized in Prairie View A & M Univ. v. Chatha,* 381 S.W.3d 500, 512 n. 17 (Tex. 2012). To obtain summary judgment on the ground that the plaintiff's claims are barred by res judicata, a defendant must establish that: (1) a court of competent jurisdiction previously rendered a final judgment on the merits, (2) the prior action involved the same parties or those in privity with them; and (3) the claims now raised are the same as those litigated or that could have been litigated in the first action. *Igal,* 250 S.W.3d at 86.

Johnson argues that res judicata does not apply here because the TWC did not render a final judgment on the merits of her claim that Oxy misinterpreted its Educational Assistance Policy. Specifically, Johnson claims she was "denied the right of full adjudication of her claims because the TWC refused to consider her arguments at the administrative level as beyond its jurisdiction." To support this contention, Johnson points to the following excerpt from the Payday Law Decision:

As explained during the hearing, the TWC does not interpret contracts between employers and employee but only enforces the Texas Payday Law ... The question of whether the employer properly interpreted their policy on reimbursed educational expenses versus a business expense is a question for a different forum.

According to Johnson, this language shows that the TWC refused to consider the merits of the issues she raised as "beyond its reach." In contrast, the defendants contend that Johnson's claims are barred by res judicata because they are based on claims previously decided by the TWC. The defendants argue that Johnson's position "fails to properly consider the evidence, argument[,] and findings made by the TWC." Oxy and the TWC maintain that *Igal* is controlling in Johnson's case.

In *Igal,* the claimant filed a wage claim with the TWC, arguing that his employer breached their employment agreement and owed him unpaid wages, bonuses, and benefits. *Id.* at 81. The TWC dismissed Igal's claim in a preliminary wage determination order. *Id.* Igal then requested a hearing, and the TWC issued its decision, finding that his claim failed on the merits and that the TWC lacked jurisdiction because Igal filed his claim more than 180 days after his wages were due. *Id.*

Instead of filing a motion for rehearing or seeking judicial review of the TWC's decision, Igal sued his employer in district court for breach of contract and declaratory judgment. *Id.* The employer argued that Igal's common law claims were barred by res judicata, and the district court, court of appeals, and Texas Supreme Court all agreed. *Id.* The supreme court first examined the language of the TWC decision at issue, and then concluded that the order should be considered final for purposes of res judicata. *Id.* at 89. In

reaching this determination, the court focused on the fact that the TWC's order "plainly resolved disputed facts and determined that Igal's claim for unpaid wages was without merit." *Id.* The court noted that the TWC "decided the key questions of fact in dispute in Igal's payday claim: when Igal's employment contract expired, that he had sufficient notice that the contract was not being renewed, that he was not terminated without cause, and that he was not entitled to any additional compensation." *Id.*

In Johnson's case, however, the TWC did not decide the key question of fact in dispute—whether Oxy violated its own Educational Assistance Policy when it withheld Johnson's final wages as reimbursement for the CPA courses. In fact, the TWC explicitly refused to do so, stating that the agency "does not interpret contracts between employers and employee." As Johnson has repeatedly pointed out, the TWC advised her that "[t]he question of whether the employer properly interpreted their policy on reimbursed educational expenses versus a business expense is a question for a different forum." Because this question goes to the heart of Johnson's breach of contract and declaratory judgment claims, we hold that res judicata does not bar those claims, and we remand the case for a consideration of the merits of both causes of action.

The defendants argue that because Johnson seeks to recover the same wages in this suit as she did in her claim with the TWC, res judicata must bar her common law causes of action. *See Igal,* 250 S.W.3d at 81 (holding that "when a claimant pursues a wage claim to a final adjudication before TWC, res judicata bars the claimant from later filing a lawsuit for the same damages in a Texas court of law"). However, the *Igal* court made an important qualification—res judicata would only bar a claim "*if* TWC's order is considered final

for the purposes of res judicata." *Igal,* 250 S.W.3d at 89 (emphasis added). The defendants ignore the subsequent portion of the court's opinion analyzing the preclusive effect of the TWC order in Igal's case. As mentioned above, the *Igal* court first determined that the order "plainly resolved disputed facts" before concluding res judicata barred Igal's common law claims. Here, the order in Johnson's case made no such findings with regard to the Educational Assistance Policy. The order expressly declined to address that issue. Therefore, *Igal* is distinguishable, and res judicata will not bar Johnson's breach of contract and declaratory judgment claims.

However, the TWC hearing officer did resolve the disputed facts with respect to Count One of Johnson's petition, "Oxy's Violation of the Texas Payday Law." First, the hearing officer outlined the portion of the Payday Law relevant to the withholding of wages. The officer noted that pursuant to Section 61.018 of the Payday Law, an employer can withhold wages if he "has written authorization from the employee to deduct part of the wages for a lawful purpose." The officer then concluded: "I find that the employer properly deducted the tuition reimbursement. The employer had a written authorization from the claimant that complies with the Texas Payday Law." Therefore, because Count One of Johnson's petition has already been "finally adjudicated by a competent tribunal," we conclude that res judicata effectively bars that claim. *See Igal,* 250 S.W.3d at 86. We thus affirm the trial court's grant of summary judgment with respect to Count One.

## CONCLUSION

We overrule Johnson's first issue and hold that with respect to Count Two of Johnson's petition, our jurisdiction is limited to a review of whether her appeal to the TWC was timely filed. We thus affirm the

trial court's grant of defendants' partial plea to the jurisdiction. Applying the substantial evidence standard of review, we determine that Johnson's appeal was filed late. Therefore, we affirm the trial court's grant of summary judgment with respect to Count Two of Johnson's Petition. As a result, no claims remain against the TWC.[3]

As for Johnson's second issue, we affirm the trial court's grant of summary judgment in part and reverse in part. We hold that the trial court correctly granted summary judgment based on res judicata with respect to Count One of Johnson's petition. However, we hold that summary judgment was improperly granted as to Counts Three and Four of Johnson's petition, because the TWC did not consider the merits of those claims. We therefore reverse the trial court's grant of summary judgment on Johnson's breach of contract and declaratory judgment claims and remand the case for a new trial on the merits.

---

**3.** Although it is not entirely clear from Johnson's pleadings, her Response to Defendants' Joint Special Exceptions, Partial Plea to the Jurisdiction, and Motion for Summary Judgment states that "only the appeal of the Texas Payday Law [(Count Two)] was brought against the TWC."