**Affirmed and Memorandum Opinion filed August 16, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00605-CV

### JAE-HO SHIN, Appellant

### V.

### AMERICAN BUREAU OF SHIPPING, Appellee

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2015-50949**

## M E M O R A N D U M   O P I N I O N

Jae-Ho Shin sued American Bureau of Shipping ("ABS") alleging wrongful termination and several related causes of action. The trial court granted ABS's motion for summary judgment and Shin appealed. For the reasons below, we affirm.

### BACKGROUND

Shin worked as an engineering specialist in ABS's South Korea office from 2008 through 2014. ABS terminated Shin's employment for "[r]epeated acts of

insubordination" and "[r]epeated acts of interfering with [the] work performance of other employees."

According to ABS, Shin filed approximately thirty lawsuits in South Korea to recover for claims arising from his termination. Shin filed the underlying suit in August 2015 premised on the same facts and asserting claims for wrongful termination; harassment; defamation; assault and terroristic threats; breach of contract; and fraud.

ABS filed a "Motion to Dismiss or, in the Alternative, Stay Plaintiff Jae-Ho Shin's Second Amended Original Petition, and Traditional Motion for Summary Judgment." ABS argued that Shin's suit should be dismissed or stayed on grounds of forum non conveniens and international comity. With respect to its traditional summary judgment motion, ABS asserted that it was entitled to judgment in its favor based on res judicata and collateral estoppel. ABS's summary judgment motion also asserted that Shin's wrongful termination claim was foreclosed because Shin had "no evidence that his termination from ABS was wrong or illegal under Korean law."

ABS filed with its motion a proposed order granting ABS's motion to dismiss or its motion for summary judgment. The trial court signed the order on July 14, 2017, and struck through the language purporting to grant ABS's motion to dismiss. The trial court left intact the sentence granting ABS's motion for summary judgment; after this sentence, the trial court wrote, "This case is dismissed with prejudice." We construe this order as denying ABS's motion to dismiss and granting its motion for summary judgment. Shin timely appealed.

## STANDARD OF REVIEW

The trial court's July 14, 2017 order granting ABS's motion for summary judgment did not state the grounds on which relief was granted. When the trial

2

court's order does not specify the grounds upon which its decision was based, we affirm if any ground advanced by the moving party is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). The burden is on the non-moving party to show that each independent argument alleged in the moving party's motion was insufficient to support the trial court's judgment. *Brown v. Hensley*, 515 S.W.3d 442, 446 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Although styled as a "Traditional Motion for Summary Judgment," ABS's summary judgment motion asserted both traditional and no evidence arguments. *See* Tex. R. Civ. P. 166a(c), (i); *see also Cohen v. Landry's Inc.*, 442 S.W.3d 818, 823 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("The nature of a motion is determined by its substance, not its title or caption."). When the movant files a combined traditional and no evidence summary judgment motion, "we usually address no evidence grounds first, but need not do so if we conclude we must affirm the ruling on traditional grounds." *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The party moving for traditional summary judgment bears the burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party seeking summary judgment on an affirmative defense must conclusively prove every element of the defense. *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We review a trial court's summary judgment *de novo* and consider all the evidence in the light most favorable to the non-moving party, crediting evidence favorable to the non-movant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848.

3

ABS moved for traditional summary judgment on the affirmative defenses of res judicata and collateral estoppel. For the reasons below, we conclude that ABS satisfied its summary judgment burden with respect to res judicata.

## I. Status of Briefing and Record

Shin initially was represented by attorneys in the underlying proceeding but represents himself pro se on appeal.[1] Although we may undertake a "liberal reading" of a pro se litigant's filings, "pro se litigants . . . are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure." *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

In addition to an appellate brief and a reply to ABS's brief as appellee, Shin also has filed with this court (1) a third amended petition; (2) five supplemental reply briefs totaling approximately 180 pages; (3) six motions totaling approximately 120 pages; and (4) 17 letters totaling approximately 600 pages.[2] The arguments advanced in Shin's pro se filings are disjointed and difficult to follow. We resolve this appeal based on our understanding of the contentions Shin is attempting to make.

## II. Res Judicata

To support traditional summary judgment on res judicata, ABS attached as an exhibit to its motion a February 2, 2017 judgment from the Busan District Court of South Korea. Two copies of the judgment were filed, one in Korean and one in

---

[1] Shin's original and first amended petitions indicate he was represented by counsel at the time the documents were filed. Shin represented himself as a pro se litigant in his response to ABS's summary judgment motion, and he continues to do so on appeal.

[2] Shin's "Motion for Non-Recognition of Foreign Country Judgment" was carried with the case.

English.  The judgment includes a notarized "Certificate of Accuracy" certifying that the document is an accurate translation from Korean to English.  The judgment also includes a cover page dated February 3, 2017, stating "This is a true copy."  The parties do not appear to dispute the accuracy of this translation.

According to the judgment, Shin sued ABS in Korea seeking to recover for claims arising from his August 2014 termination.  The Korean court's 17-page judgment recites the facts giving rise to Shin's suit; Shin's claims; evidence and testimony presented to the court; and the court's resolution of Shin's claims.  The judgment dismisses all claims and assesses litigation costs against Shin.

Res judicata "prevents the re-litigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."[3]  *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992); *see also Johnson v. Oxy USA, Inc.*, 533 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).  To obtain summary judgment on the affirmative defense of res judicata, the moving party must show that (1) a court of competent jurisdiction previously rendered a final judgment on the merits; (2) the prior action involved the same parties or those in privity with them; and (3) the claims now raised are the same as those litigated or could have been litigated in the first action.  *Johnson*, 533 S.W.3d at 401.

A court of competent jurisdiction "is one having authority over the defendant, authority over the subject matter, and power to enter the particular judgment rendered."  *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 735 n.4 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see also Gulf Petro Trading Co. v.*

---

[3] "Res judicata" has been used as a broad term to refer to the related doctrines of claim preclusion and issue preclusion (collateral estoppel).  *See McShaffry v. LBM-Jones Rd., L.P.*, No. 01-10-01151-CV, 2011 WL 6306684, at *2 (Tex. App.—Houston [1st Dist.] Dec. 15, 2011, no pet.) (mem. op.).  Res judicata as discussed in this opinion refers only to claim preclusion.

*Nigerian Nat'l Petroleum Corp.*, 288 F. Supp. 2d 783, 794-95 (N.D. Tex. 2003) (confirmation of final arbitration award recognized "as a matter of res judicata and international comity").

We conclude that ABS satisfied its traditional summary judgment burden and conclusively established that res judicata bars the re-litigation of Shin's claims arising from his August 2014 termination from ABS. The Korean court's February 2017 judgment establishes as a matter of law the elements of res judicata. *See Johnson*, 533 S.W.3d at 401.

With respect to the first element, the February 2017 judgment indicates that the Korean court had authority over ABS; authority to adjudicate Shin's claims arising from his termination by ABS in Korea; and power to enter its judgment dismissing all of Shin's claims. *See Cantu*, 251 S.W.3d at 735 n.4; *see also Gulf Petro Trading Co.*, 288 F. Supp. 2d at 794-95.

For the second element, the Korean action involved the same parties as the underlying action — Shin as the plaintiff and ABS as the defendant. *See Johnson*, 533 S.W.3d at 401.

Finally, the Korean action litigated claims arising from Shin's August 2014 termination by ABS in Korea. After hearing testimony and reviewing evidence, the court concluded that:

> [I]t is impossible to find that the disciplinary action for this case was objectively and clearly unfair and deviated or abused its discretion by losing validity of social norm. Therefore, the termination action for this is proper.
>
> [Shin's] behaviors . . . damaged organizational unity by slandering other employees without any basis and interfered with Defendant's employees' legitimate work performance by making them to [sic] respond to those slanders . . . .

6

ABS's summary judgment evidence conclusively established the elements of res judicata.

Shin's summary judgment response in the trial court did not address ABS's res judicata argument. Shin's appellate and reply briefs do not address ABS's res judicata argument. Shin's reply brief references a separate "Motion for Non-Recognition of Foreign Country Judgment" filed in this court; Shin asserts that the motion "show[s] that there is no genuine issue" with respect to ABS's res judicata argument.

Generously read, this motion appears to assert that ABS's reliance on the Korean court's February 2017 judgment is foreclosed because (1) ABS did not comply with Texas Civil Practice and Remedies Code section 36.0042; (2) the Korean action should have been dismissed under the Civil Procedure Act of the Republic of Korea; (3) the judges in the Korean action "committed crimes" against Shin; (4) the Korean court did not fully carry out "the interrogation and examination of the witnesses;" and (5) ABS's attorneys are guilty of "severe corruption."

A non-movant must expressly present to the trial court in a written answer or response any reason that would defeat the movant's right to traditional summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). If the non-movant fails to present an issue to the trial court, the non-movant may not later raise that new ground as an error on appeal. *Kaye v. Harris Cty. Mun. Util. Dist. No. 9, Nw. Harris Cty.*, 866 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1993, no writ) (citing *City of Houston v. Clear Creek Basic Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979)). Shin's challenges to ABS's res judicata argument were not raised in the trial court and we will not consider these

7

new grounds for the first time on appeal.  *See McConnell*, 858 S.W.2d at 341; *Kaye*, 866 S.W.2d at 793.

Moreover, Shin's reliance on section 36.0042 of the Texas Civil Practice and Remedies Code is misplaced because this statute has been repealed.  *See* Act of June 14, 1989, 71st Leg., R.S., ch. 402, § 3, 1989 Tex. Gen. Laws 1544, *repealed by* Act of June 1, 2017, 85th Leg., R.S., ch. 390, § 2, 2017 Tex. Gen. Laws 1057.  Section 36.0042 was included in the previous codification of Texas's Uniform Foreign Country Money-Judgment Recognition Act.  The current codification of the Act does not impose notice requirements like those in the now-repealed section 36.0042. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36A.001-.011 (Vernon Supp. 2017).  Shin did not raise in the trial court any challenges with respect to the application of the Act or its impact on the Korean judgment's res judicata effect.

The trial court's July 14, 2017 order granting ABS's motion for summary judgment did not state the grounds on which relief was granted; we may affirm the judgment if any ground advanced by ABS is meritorious.  *See FM Props. Operating Co.*, 22 S.W.3d at 872-73.  We conclude that ABS established as a matter of law that res judicata bars Shin's claims in the underlying action.

## CONCLUSION

We affirm the trial court's July 14, 2017 order granting ABS's motion for summary judgment.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Jamison, and Brown.

8