**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00164-CV

_____

### SPRING BRANCH MANAGEMENT DISTRICT, Appellant

### V.

### VALCO INSTRUMENTS COMPANY, L.P. AND PROPERTY DEVELOPMENT IV, L.P., Appellees

**On Appeal from the 55th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-25178**

## MEMORANDUM OPINION

Appellant, Spring Branch Management District (the "District"), has filed a motion for rehearing. We deny the District's motion for rehearing. *See* TEX. R.

APP. P. 49.3. We withdraw our March 8, 2012 opinion, substitute this opinion in its place, and vacate our March 8, 2012 judgment.

In this interlocutory appeal,[1] the District challenges the trial court's order denying its summary-judgment motion in which it asserted that the trial court did not have jurisdiction to consider certain portions of the declaratory judgment action[2] and claims for injunctive relief and damages brought against it by appellees, Valco Instruments Company, L.P. and Property Redevelopment IV, L.P. (collectively, "Valco"). In four issues, the District contends that the trial court erred in denying it summary judgment on the District's asserted jurisdictional grounds as Valco had failed "to exhaust its exclusive statutory remedy to challenge the District's assessment of the property," Valco "lack[s] standing to challenge the location of the District's boundaries," and Valco did not establish that the Texas Legislature has expressly waived the District's immunity from suit.

We affirm the order of the trial court.

**Background**

The District is a municipal management district created by the Texas Legislature in 2003. *See* TEX. LOC. GOV'T CODE ANN. § 375.022 (Vernon Supp. 2011); Act of June 20, 2003, 78th Leg., R.S., ch. 777, § 1, 2003 Tex. Gen. Laws

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN § 51.014(a)(8) (Vernon Supp. 2011).

[2] *See id.* § 37.004(a) (Vernon 2005).

2246 (current version at TEX. SPEC. DIST. CODE ANN. § 3830.002 (Vernon 2011)). The District is governed by a thirteen-member board of directors and exists primarily for the purpose of local public safety, mobility, and economic development. TEX. SPEC. DIST. CODE ANN. §§ 3830.003, 3830.051 (Vernon 2011). In July 2006, the board voted to approve a services, improvement, and assessment plan (the "Plan"), and the District assessed property owners to fund the costs of the Plan.

In August 2006, forty-two property owners filed notices appealing the board's July 2006 action in which the board had levied assessments against their properties, and the property owners requested that their properties be excluded from the District. The District denied the appeal and the request. The forty-two property owners then filed a motion for rehearing and "threatened" to pursue a timely judicial appeal of the board's decisions. According to the District, it granted the property owners' motion for rehearing and agreed to settle their claims because it was confronted with the prospect of a judicial contest of its initial assessments. Under the settlement agreement, the District approved an order in which the properties at issue in the 2006 appeals were excluded from the District's boundaries. The District found that this action was "practicable, just, and desirable."

In 2007, Valco filed with the District a request that its properties be excluded from the District, which the board denied in May 2007. Valco then, in 2008, filed suit against the District in a federal district court, which subsequently dismissed all of Valco's federal-law claims and declined to exercise jurisdiction over Valco's state-law claims.

In 2009, Valco filed the instant suit, in which it asserts that it is entitled to:

(1) a declaratory judgment that the District did not obtain the property owners' petitions for financing of a service or improvement project as required by the Special District Local Law Code and therefore lacks the authority to undertake such a financing;

(2) a declaration that the District arbitrarily denied Valco's request for exclusion from the District and violated its rights under the "takings clause" of the Fifth Amendment to the United States Constitution and Article I, Section 17 of the Texas Constitution because a governmental entity has no authority to assess a special tax on any basis other than special benefits;

(3) a declaration that the District arbitrarily granted exclusions to "a select group of commercial property owners" but denied Valco's requested exclusion in violation of the equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the Texas Constitution;

(4) a declaration that the District's actions violated the Uniformity of Taxation Clause of the Texas Constitution[3];

(5) injunctive relief enjoining the District from enforcing their assessment against Valco;

---

3        *See* TEX. CONST. art. VIII, § 1.

(6) money damages for violating Valco's constitutional rights pursuant to 42 U.S.C. § 1983; and

(7) reasonable and necessary attorney's fees.

Subsequently, the District, in its summary-judgment motion, asserted that the trial court did not have jurisdiction to consider Valco's action and, alternatively, the District, in regard to the substance of Valco's claims, was entitled to judgment as a matter of law. Essentially, the District asserted that "[a]ll but [Valco's] state law takings claim should be dismissed." The trial court, "to the extent, if any, that [Valco] claim[s] [it was] improperly assessed a tax if they are ultimately ruled to be a part of the district," granted the District's motion. It also granted the motion "as to the takings and equal protection claims under the United States Constitution[] and 42 USC 1983." The trial court noted that Valco's "[s]tate law remedies are available," denied the District's summary-judgment motion on its asserted jurisdictional grounds, and, finding that material issues of fact precluded summary judgment on Valco's state-law claims, denied the District's motion on its asserted substantive grounds.

**Standard of Review**

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there are no genuine issues of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either

5

(1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341. In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true, and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Lawson v. B Four Corp.*, 888 S.W.2d 31, 33–34 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a summary-judgment motion. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In reviewing a challenge to a court's subject-matter jurisdiction, the court may review the pleadings and any other evidence relevant to the subject-matter jurisdiction issue. *Id.* Because subject-matter jurisdiction presents a question of law, we review the trial court's decision de novo. *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 927 (Tex. 2007); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## Exhaustion of Administrative Remedies

In its first issue, the District argues that the trial court erred in denying it summary judgment on the ground that the trial court did not have jurisdiction to consider Valco's action because Valco had failed to invoke and "exhaust its exclusive statutory remedy to challenge the District's assessment on its property."

"Texas law recognizes no right to judicial review of an administrative order unless (1) a statute provides the right, (2) the order adversely affects a vested property right, or (3) the order otherwise violates some constitutional right." *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001); *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 291–92 (Tex. App.—Dallas 2005, no pet.) (stating that exhaustion of administrative remedies is not necessary if claim is for violation of constitutional or federal statutory right).

Municipal management districts are considered political subdivisions of the state. TEX. LOC. GOV'T CODE ANN. § 375.004 (Vernon 2005). The purpose of such districts is to "promote, develop, encourage, and maintain employment, commerce, economic development, and the public welfare in the commercial areas of municipalities and metropolitan areas" of Texas. *Id.* § 375.001(b) (Vernon 2005). The districts are empowered to levy and collect special assessments on property to pay for all or part of the costs of its projects and services. *Id.* § 375.111 (Vernon 2005).

After the determination of an assessment, a property owner may appeal the assessment to the municipal management district's board of directors by filing a notice of appeal not later than the 30th day after the date the assessment is adopted. *Id.* § 375.123(a) (Vernon 2005). A property owner may then appeal the board's decision by filing a notice of appeal in a court of competent jurisdiction within 30 days of the board's final decision. *Id.* § 375.123(b). However, a property owner may file a written petition with the board requesting exclusion from a district at any time before the district's issuance of bonds. Act of Aug. 26, 1991, 72nd Leg., R.S., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351 (amended 2011) (current version at TEX. LOC. GOV'T CODE ANN. § 375.044(b) (Vernon Supp. 2011)).[4]

When a governmental agency has exclusive jurisdiction over a matter, an aggrieved party, prior to resorting to the courts for redress, must first exhaust administrative remedies at the agency level. *Caspary v. Corpus Christi Downtown Mgmt. Dist.*, 942. S.W.2d 223, 226 (Tex. App.—Corpus Christi 1997, writ denied). Judicial review of an administrative decision requires compliance with all statutory

---

[4] During the pendency of this suit, and after the parties had submitted their briefs, the Texas Legislature amended section 375.044(b) so that "a signed petition evidencing the consent of the owners of a majority of the acreage in the district" is required for the board to call a hearing on the exclusion of land. *See* TEX. LOC. GOV'T CODE ANN. § 375.044(b) (Vernon Supp. 2011). Thus, any reference by the parties to section 375.044 refers to the pre-amendment text, which allows any property owner to file such a request for exclusion before the issuance of bonds. *See* Act of Aug. 26, 1991, 72nd Leg., R.S., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351.

prerequisites. *Id.*; *Tex. Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex. 1993). The exhaustion doctrine applies notwithstanding an aggrieved party's allegations that the agency exceeded the scope of its authority or failed to follow statutory procedures. *Caspary*, 942 S.W.2d at 227 (holding that trial court did not err in granting district's plea to jurisdiction because property owners failed to comply with statute).

Valco argues that because a request for exclusion under section 375.044 is "separate and independent" from an appeal of an assessment under section 375.123, it was not required to exhaust its administrative remedies by appealing its assessment under section 375.123. Valco asserts that it "did not seek to appeal the assessment under section 375.123, but rather sought an exclusion from the [D]istrict pursuant to section 375.044(b), which may be raised at any time 'before the issuance of bonds.'"

The District argues that "Valco's requests to: (i) void the District's special assessments on its property; (ii) enjoin the collection of any such future assessments; and (iii) recover as damages, the assessments it has paid in the past — are foreclosed because Valco did not 'satisf[y] the statutory requirement of exhaustion of administrative remedies prior to suit in the district court.'" It asserts that Valco's challenge to the imposition of the District's special assessments is foreclosed due to Valco's failure to exhaust the available statutory remedies and

9

the "exhaustion principle applies here, notwithstanding Valco's creative effort to camouflage the actual substance of its claim for relief." The District further asserts that if a property owner "wants to complain about the imposition of the District's assessment on its property, section 375.123 requires that all such objections be made within thirty days of the assessment." It notes that a party is "not allowed to 'circumvent a governmental unit's immunity from suit by characterizing' their claims in a manner designed 'to avoid the requirement of legislative consent to suit.'" *See City of Houston v. Chemam*, No. 01-08-01005-CV, 2010 WL 143476, at *8 (Tex. App.—Houston [1st Dist.] Jan. 14, 2010, no. pet.) (mem. op).

Texas Local Government Code section 375.123, entitled "Appeal," under Subsection F, entitled "Assessments," provides:

(a) After determination of an assessment, a property owner may appeal the assessment to the board. The property owner must file a notice of appeal with the board not later than the 30th day after the date that the assessment is adopted. The board shall set a date to hear the appeal.

(b) The property owner may appeal the board's decision on the assessment to a court of competent jurisdiction. The property owner must file notice of the appeal with the court of competent jurisdiction not later than that 30th day after the date of the board's final decision with respect to the assessment.

(c) Failure to file either of the notices in the time required by this section results in a loss of the right to appeal the assessment.

TEX. LOC. GOV'T CODE ANN. § 375.123 (Vernon 2005).

10

At the time of Valco's request, Texas Local Government Code section 375.044, entitled "Excluding Territory," under Subsection C, entitled "Boundaries," provided:

(a) At any time during which a district does not have outstanding bonds, the board on its own motion may call a hearing on the question of the exclusion of land from the district in the manner provided by Chapter 54, Water Code, if the exclusions are practicable, just, or desirable.

(b) The board *shall call a hearing* on the exclusion of land or other property from the district *if a landowner or property owner in the district files* with the secretary of the board a written petition requesting the hearing *before the issuance of bonds*.

(Emphasis added.) Act of Aug. 26, 1991, 72nd Leg., R.S., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351.

The District correctly observes that appellate review of "assessments" is triggered by the timely filing of a notice of appeal by an aggrieved property owner with the board of directors of a municipal management district. *See Caspary*, 942 S.W.2d at 226. In *Caspary*, property owners objected to a proposed assessment scheme at a district's hearing, but did not receive notice that their objections had been overruled. *Id.* Some time later, outside of the "opportunistic window for seeking an administrative appeal," the property owners received their tax bill, and they brought suit in a district court to challenge the validity of the assessment. *Id.* at 224. The court of appeals held that because the property owners had failed to

exhaust their remedies, the trial court did not err in granting the district's plea to the jurisdiction. *Id.* at 227.

Here, Valco did not file an appeal pursuant to section 375.123 in regard to an assessment. Rather, it sought an exclusion from the District under section 375.044(b), which is silent on the question of appeal or judicial review. Accordingly, Valco is entitled to judicial review of the District's denial of its exclusion only if it alleged that the board's action violated a constitutional right. *See Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) (quoting *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788, 790 (1951)) (stating that "when an act is either silent on the question of appeal or expressly denies a right to appeal, a party may appeal only 'where the administrative action complained of violates a constitutional provision'").

In the instant suit, Valco alleges that the District's action in denying its request for exclusion from the District resulted in an unconstitutional taking of its property, a denial of the right to the equal protection of law, and a denial of the right to uniformity of taxation. *See* TEX. CONST. art. I, § 17; TEX. CONST. art. I, § 3; TEX. CONST. art. VIII, § 1. In its challenge to the board's decision to deny its request for an exclusion from the District, Valco is seeking not a review of the District's assessments under section 375.123 but a declaration that the District has violated its rights under the Texas Constitution. Accordingly, we hold that the trial

12

court did not err in denying the District's summary-judgment motion on the ground that Valco had failed to exhaust its administrative remedies. *See Ferrell*, 248 S.W.3d at 158.

We overrule the District's first issue.

## Standing

In its second issue, the District argues that the trial court erred in denying it summary judgment because Valco "lacks standing to challenge the location of the District's boundaries" as the issue presents "a non-justiciable political question." The District asserts that "Valco's petition is based in part on a faulty premise— namely, that it had a constitutional right to be excluded from the District if it could establish that it would not benefit from the improvements planned." It also asserts that section 375.044 does not expressly waive governmental immunity.

The District specifically argues that because it was created by the Texas Legislature and its territory defined by statute, Valco had no constitutional right to a hearing on an exclusion request based upon any objection about the lack of benefits that Valco would derive from the District. In support of this argument, the District relies on *Davidson v. Upton County Water Dist.*, 624 S.W.2d 927 (Tex. App.—El Paso 1981, writ ref'd n.r.e.). In *Davidson*, property owners sought a hearing on exclusion from a water district based on the statutory language creating the water district. *Id.* at 929. The statue provided, in pertinent part, that "no

territory shall be detached from the [water] district after the issuance of bonds." *Id.* at 930. The court noted that the legislature had fixed and determined the boundaries of the water district and had determined and found that all land included within the boundaries would benefit from the water district's projects. *Id.* at 931. The court also noted that the water district was created to serve a public use and benefit and no specific provision was made for any benefit hearing as to whether or not property should be excluded from the water district by reason of the fact that it may or may not have benefited specially or directly. *Id.* However, unlike the statute in *Davidson*, here, the statute specifically provides property owners the right to a hearing on the exclusion of property at any time "before the issuance of bonds." *See* TEX. LOC. GOV'T CODE ANN. § 375.044(b).

The District asserts that the question of benefits to be received by property owners in a municipal management district is "purely a political one and the [l]egislature had the power to include in the District lands which will derive no direct benefit from the project." It argues that because legislative "determinations about the location of a political subdivision's boundaries" are non-justiciable political questions, "Valco lacks standing to challenge the District's refusal to alter its boundaries."

Valco responds that the question of whether to create the District was political, but its "inclusion/exclusion [in the District] is not a political question and

14

is subject to review." It asserts that the District excluded a select group of property owners from the District in violation of Valco's equal-protection rights and the exclusions were not based on physical boundaries.

A trial court lacks jurisdiction to address purely political questions because they are not justiciable. *Carter v. Hamlin Hosp. Dist.*, 538 S.W.2d 671, 673 (Tex. App.—Eastland 1976, writ ref'd n.r.e.). The determination of the boundaries of a political subdivision of the state presents a "political question" solely within the power, prerogative, and discretion of the legislature and not subject to judicial review. *State ex rel. Grimes County Taxpayers Ass'n v. Tex. Mun. Power Agency*, 565 S.W.2d 258, 274 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dism'd); *Jimenez v. Hidalgo County Water Improvement Dist. No. 2*, 68 F.R.D. 668, 672 (S.D. Tex. 1975), *aff'd*, 424 U.S. 950, 96 S. Ct. 1423 (1976). There is no constitutional requirement that the boundaries of a political subdivision of this State must include all areas in which the subdivision may have operations. *Tex. Mun. Power Agency*, 565 S.W.2d at 273–74. In the absence of a constitutional limitation, it is within the power of the legislature to determine in what areas, either within or without its boundaries, the political subdivision may conduct its operations. *Id.* (citing *San Jacinto River Conservation and Reclamation Dist. v. Sellers*, 143 Tex. 328, 184 S.W.2d 920 (1945); *Lower Nueces River Water Supply Dist. v. Cartwright*, 274 S.W.2d 199 (Tex. Civ. App.—San Antonio 1954, writ

15

ref'd n.r.e.); *City of New Braunfels v. City of San Antonio*, 212 S.W.2d 817 (Tex. Civ. App.—Austin 1948, writ ref'd n.r.e.)).

It is true, as asserted by the District, that the creation of a political subdivision and the determination of its boundaries present a political question solely within the discretion of the legislature. However, the issue presented here is not the creation of the District or the determination of its boundaries by the legislature. Rather, the issue presented concerns the inclusion or exclusion of Valco's properties from the District by the board of directors, which is not based on boundaries set by the legislature. *See* TEX. LOC. GOV'T CODE ANN. § 375.044(b). Because the issue at hand concerns the alleged unconstitutional actions of the District, and not the legislature's determination of territorial boundaries, we conclude that Valco is not presenting a non-justiciable political question. Accordingly, we hold that the trial court did not err in denying the District's summary-judgment motion on the ground that Valco lacked standing.

We overrule the District's second issue.

**Waiver of Governmental Immunity**

In its third issue, the District argues that the trial court erred in not granting it summary judgment on Valco's request for a declaration that the District's actions constituted a violation of article VIII, section 1 of the Texas Constitution because Valco did not establish the existence of an express waiver of the District's

16

governmental immunity from such a suit. In its fourth issue, the District argues that the trial court erred in not granting it summary judgment on Valco's request for a declaration that the District's actions resulted in a violation of the equal protection of the laws under article I, section 3 of the Texas Constitution because Valco did not establish the existence of an express waiver of the District's governmental immunity from such a suit.

Governmental immunity protects political subdivisions of the state from lawsuits for money damages, unless such immunity has been waived.[5] *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity, like sovereign immunity, involves immunity from suit and immunity from liability. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008) (explaining that "both types of immunity afford the same degree of protection"). Immunity from suit is jurisdictional and bars suit, whereas immunity from liability is not jurisdictional and protects from judgments. *Harris County Hosp. Dist.*, 283 S.W.3d at 842. A plaintiff bears the burden to affirmatively

---

[5] Although the terms sovereign immunity and governmental immunity are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Property/Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320, 324 (Tex. 2006).

demonstrate a trial court's jurisdiction by alleging a valid waiver of immunity, which may be either a reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity is waived only by clear and unambiguous language indicating the legislature's intent do so. *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010); *Harris County Hosp. Dist.*, 283 S.W.3d at 842–43.

A municipal management district is a governmental agency and political subdivision of the state. TEX. LOCAL GOV'T CODE ANN. § 375.004(a). Such a district is a unit of government for purposes of Chapter 101 of the Texas Civil Practice and Remedies Code, [6] and the operations of such a district are considered to be essential governmental functions and not proprietary functions for all purposes. *Id.* § 375.004(b). Because the District is a political subdivision of the state, it is entitled to governmental immunity. Accordingly, we must determine whether the claims raised in Valco's petition are ones for which governmental immunity has been waived. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

Certain provisions of the Texas Constitution are self-enacting, and thus provide the right to bring an action against the government for violations of the

---

[6]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101(3)(A) (Vernon 2011).

provisions without the need for legislative consent. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). However, suits brought pursuant to constitutional provisions are limited to equitable relief and do not allow a claim for monetary damages except to the extent specifically enunciated in the constitutional provision. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) (determining that no private right for damages was permitted for violations of state constitutional rights and vacating jury award of damages); *Frasier v. Yanes*, 9 S.W.3d 422, 427 (Tex. App.—Austin 1999, no pet.) (recognizing "narrow exception" to bar of money awards for constitutional violations in suit for equitable relief to enforce right to compensation specifically set forth in constitution); *O'Bryant v. City of Midland*, 949 S.W.2d 406, 414 (Tex. App.—Austin 1997) (op. on reh'g), *aff'd in part and rev'd in part on other grounds*, 18 S.W.3d 209 (Tex. 2000) (holding that state constitution did not authorize action for award of money, specifically award of back pay, for violation of state constitutional rights).

Governmental immunity bars suits for retrospective monetary relief, and private parties cannot circumvent a governmental entity's immunity from suit by characterizing a suit for monetary damages as a declaratory judgment claim. *Gatesco Q.M. Ltd. v. City of Houston*, 333 S.W.3d 338, 348 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Therefore, if a litigant sues a governmental entity and seeks an otherwise proper declaratory judgment construing or invalidating a

statute, this claim is nonetheless barred by governmental immunity if the declaration sought would have the effect of establishing a right to relief against the governmental entity for which governmental immunity has not been waived. *See City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007); *Gatesco*, 333 S.W.3d at 348; *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 360 (Tex. App.—Austin 2009, pet. denied).

The District, in its brief, asserts that Valco seeks to recover monetary damages from the District. Here, Valco seeks certain declarations and injunctive relief based on the District's alleged constitutional violations. It had also, based on federal law, requested money damages based on the District's alleged violations. *See* 42 U.S.C. § 1983. However, the trial court granted the District summary judgment on Valco's claim for money damages, and Valco has not appealed that ruling. Thus, Valco is no longer seeking to recover monetary damages from the District, and it is entitled to seek declaratory and injunctive relief for violations of the Texas Constitution. *See Bouillion*, 896 S.W.2d at 149 (stating that "suits for equitable remedies for violations of constitutional rights are not prohibited"); *De Leon v. City of El Paso*, 353 S.W.3d 285, 290–91 (Tex. App.—El Paso 2011, no pet.) (holding that city was not immune from equal protection claim for "declaratory and injunctive relief" because "governmental immunity does not bar suits for equitable relief for violations of the Texas Constitution"); *Bohannon v.*

20

*Texas Bd. of Criminal Justice*, 942 S.W.2d 113, 118 (Tex. App.—Austin 1997, writ denied) ("Although there is no cause of action for damages, a plaintiff whose constitutional rights have been violated may sue for equitable relief."). Accordingly, we hold that the trial court did not err in denying the District's summary-judgment motion on the ground that Valco did not establish the existence of an express waiver of governmental immunity regarding Valco's request for a declaration that the defendant's actions constituted a denial of Valco's rights, privileges, or immunities secured by the Texas Constitution's equal protection clause and uniformity of taxation clause.

We overrule the District's third and fourth issues.

The District further argues that Valco did not establish the existence of an express waiver of governmental immunity because "[t]he uniformity of taxation provision does not apply to assessments" and Valco's equal protection claims "fail as a matter of law" because "it is not 'similarly-situated' to any other landowner whose property has been excluded" and "it did not establish the absence of any conceivably rational basis for the District's denial of its exclusion request." We do not have jurisdiction to address the trial court's denial of the District's summary judgment motion on either of these merits-based grounds.

A party may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN.

21

§ 51.014(a)(8) (Vernon Supp. 2011). Although the District did not file a plea to the jurisdiction, the Texas Supreme Court has held that section 51.014(a)(8) provides for "an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). However, when appealing from an interlocutory order pursuant to section 51.014(a)(8), "the appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry." *Harris County v. Luna-Prudencio*, 294 S.W.3d 690, 695–96 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Univ. of Tex. Med. Branch at Galveston v. Brisco*, No. 01-09-00064-CV, 2009 WL 3152192, at *2 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.).

In its summary-judgment motion, the District, under a section entitled, "Dismissals on the Merits," argued that Valco's equal protection claims fail "as a matter of law" because it is not "similarly-situated" to the excluded landowners and it "cannot establish the absence of any conceivably rational basis" for different treatment. The District also argues that Valco's complaint regarding the uniformity of taxation clause fails as a matter of law because the clause does not apply to special assessments. The District did not implicate the trial court's subject-matter jurisdiction or assert that Valco's claims were facially invalid, thus

depriving the trial court of jurisdiction. Rather, it made factual arguments, and the trial court, in its order denying the District summary judgment, stated "[a]s for those grounds which the movant has designated as summary judgment on the merits, the Court rules that material issues of fact exist which prevent granting portions of the Motion."

Because our review is limited to the "pleadings and evidence relevant to the jurisdictional inquiry," we hold that this Court lacks jurisdiction to address the factual arguments the District designated as "on the merits." *See Luna-Prudencio*, 294 S.W.3d at 695–96.

The District asserts that it filed in the trial court a plea to the jurisdiction and, in its summary-judgment motion, it "expressly contested the existence of subject matter jurisdiction below on all of [Valco's] theories other than their state takings claim." However, the District, in its briefing, only challenges the trial court's order denying its "Traditional Motion for Summary Judgment" filed on January 7, 2011. In that motion, the District itself expressly split its arguments into two sections: one containing arguments regarding "Lack of Jurisdiction" and the other containing arguments regarding "Dismissals on the Merits." The District confined its argument that Valco could not establish "the absence of a conceivably rational basis" for denying its exclusion request to the portion of its summary-judgment motion designated as "on the merits." The trial court, in its order

23

denying the motion, addressed the issues as the District presented them, noting that "[t]he movant has helpfully divided its grounds for summary judgment into jurisdictional and substantive grounds." The trial court interpreted the District's arguments designated as "on the merits" to not be jurisdictional, stating,

> As for those grounds which the movant has designated as summary judgment on the merits, the Court rules that material issues of fact exist which prevent granting portions of the Motion. For example, whether the Plaintiffs are similarly situated with other parties is a fact issue.

Thus, in its summary-judgment motion, the District did not characterize these arguments as jurisdictional and the trial court did not address them as such. Although the District now recasts the arguments as a "jurisdictional challenge," that is not how it presented the arguments to the trial court.

Accordingly, we do not address the District's merits-based arguments.

## Conclusion

We affirm the trial court's order denying the District's summary-judgment motion.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

24