

# NUMBER 13-21-00210-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

TOJO ENTERPRISES, INC.,                                     **Appellant,**

**v.**

TEXAS WORKFORCE COMMISSION
AND MISAEL MOSQUEDA,                                  **Appellees.**

---

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Peña

Appellant Tojo Enterprises, Inc. (Tojo) filed suit seeking judicial review of an administrative decision by appellee Texas Workforce Commission (TWC) which granted appellee Misael Mosqueda's wage claim under the Texas Payday Law (TPL). *See* TEX.

LAB. CODE ANN. §§ 61.001–.095. The trial court granted TWC's motion to dismiss for lack of jurisdiction. In two issues, which we reorder, Tojo argues the trial court erred in dismissing its suit because: (1) Tojo timely appealed the decision of the TWC; and (2) Tojo's counsel did not receive notice of the administrative hearing or decision, violating Tojo's rights to due process and due course of law. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19. We affirm.

## I.    BACKGROUND

### A.    Administrative Proceedings

Mosqueda, who was previously employed by Tojo, filed a wage claim with the TWC, seeking to recover unpaid wages and overtime. TWC issued a preliminary wage determination order on February 16, 2016, concluding that Mosqueda was entitled to $900 in unpaid wages and $7,148.16 in unpaid overtime. TWC mailed a notice of the decision to Tojo, informing of the requirement to file an appeal to the wage claim appeal tribunal no later than twenty-one days from the date of mailing. Tojo filed an appeal on March 10, 2016. On May 26, 2016, TWC mailed notice to Tojo of a June 13, 2016 hearing regarding this appeal. Tojo did not appear at the hearing, and, on June 17, 2016, the tribunal issued a decision affirming the preliminary order. On the same date, TWC mailed a notice of the decision, informing Tojo that it had fourteen days from the mailing date to file a further appeal with TWC.

Almost three years later, on May 23, 2019, Tojo filed an administrative petition to reopen the case, claiming it did not learn about TWC's final determination until it recently was denied a "license to sell state lottery" tickets. The tribunal issued a decision on July 19, 2019, concluding that the petition was untimely. The tribunal found that prior notices

were mailed to Tojo's address of record and that there was no evidence in the file of delayed delivery or non-receipt. Tojo filed another administrative appeal, and on January 8, 2020, TWC issued a final decision affirming the wage award.

## B.    Current Lawsuit

On February 2, 2020, Tojo filed its original petition, praying that the trial court set aside Mosqueda's award. Tojo alleged that Mosqueda's claim was fraudulent. However, it did not complain that it lacked notice of the administrative proceedings, as it did previously. The petition named only Mosqueda as a defendant, although it stated that TWC would be served with a copy of the petition. Mosqueda answered suit and filed a plea in abatement, arguing that the case must be abated so TWC could be named a party to the suit as required by statute. *See* TEX. LAB. CODE ANN. § 61.062(c). Thereafter, on July 2, 2020, Tojo filed an amended petition explicitly naming TWC as a defendant. In all other respects, the petition remained the same.

TWC answered suit and subsequently filed an amended motion to dismiss for lack of jurisdiction.[1] TWC maintained that Tojo did not timely appeal the preliminary wage determination or the appeal tribunal's decision. TWC also argued that Tojo did not timely name TWC as a party to the suit. TWC attached the underlying administrative records to its motion as well as the unsworn declaration of a TWC employee stating that all pertinent decisions were mailed to Tojo at its address of record on the same day of the decision and that the notices were not returned as undeliverable.

---

[1] The trial court denied TWC's original motion to dismiss for lack of jurisdiction.

Tojo filed a response arguing that it timely sought judicial review of TWC's January 8, 2020 decision and that it properly named TWC in its original petition. Tojo attached various administrative records to its response.

The trial court granted TWC's motion and dismissed Tojo's petition. Tojo filed a motion for new trial, stating that there was no credible evidence that Tojo's counsel received notice of the June 13, 2016 hearing or the June 17, 2016 decision. The motion was overruled by operation of law. This appeal followed.

## II. JURISDICTION

### A. Standard of Review & Applicable law

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*.

If an administrative agency has exclusive jurisdiction over a matter and the dispute falls within the scope of that jurisdiction, the party asserting the claim "must exhaust all administrative remedies before seeking judicial review of the agency's action, and then only at the time and in the manner designated by statute." *Forest Oil Corp. v. El Rucio Land & Cattle Co., Inc.*, 518 S.W.3d 422, 428 (Tex. 2017) (internal quotation marks omitted). When the plaintiff has not exhausted administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive

4

jurisdiction. *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (per curiam).

The TPL provides for an administrative process, which vests TWC with the authority to review the payment of wages by employers. *See* TEX. LAB. CODE ANN. §§ 61.001–.095; *Byun v. Hong*, 641 S.W.3d 821, 829 (Tex. App.—Tyler 2022, no pet.). An employee who has been denied wages may file a claim with TWC for the amounts that are due and unpaid. TEX. LAB. CODE ANN. § 61.051(a). After TWC investigates a wage claim and issues its preliminary wage determination order, a party to the dispute may appeal the order to a wage claim appeal tribunal. *Id.* § 61.054(a). The appealing party's request for a tribunal hearing must be submitted in writing to TWC "not later than the 21st day after the date the commission examiner mails the notice of the preliminary wage determination order." *Id.* § 61.054(b).

Once a party timely requests a hearing, the tribunal must mail a notice of the administrative hearing and, within forty-five days of the mailed notice, conduct a hearing. *Id.* § 61.057(a)–(b). "The order of the wage claim appeal tribunal becomes final 14 days after the date on which it is mailed unless a further appeal to [TWC] is initiated[.]" *Id.* § 61.061(c). TWC may "permit any of the parties affected by the order [of the tribunal] to initiate a further appeal before [TWC.]" *Id.* § 61.0612. "A party who has exhausted the party's administrative remedies . . . may bring a suit to appeal the order." *Id.* § 61.062(a). "The suit must be filed not later than the 30th day after the date the final order is mailed." *Id.* § 61.062(b). "The commission . . . must be made defendants in the suit." *Id.* § 61.062(c).

5

**B.    Analysis**

In its first issue, Tojo argues that it timely sought judicial review of TWC's wage award to Mosqueda. It points to January 8, 2020, when TWC ruled that its petition to reopen was untimely, as the triggering date. We disagree.

TWC's January 8, 2020 decision concerned Tojo's May 23, 2019 petition to reopen the original 2016 case because it allegedly lacked notice of the earlier administrative proceedings. TWC found against Tojo regarding this issue. Tojo's current suit in the trial court does not seek judicial review of the TWC's notice determinations. *Cf. Johnson v. Oxy USA, Inc.*, 533 S.W.3d 395, 399 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (concluding that the court was without jurisdiction to review the wage claim tribunal's decision because appellant only sought timely judicial review of TWC's later determination that his administrative appeal was untimely). Rather, Tojo seeks judicial review of the wage award to Mosqueda, alleging it was fraudulent. However, the June 17, 2016 decision of the tribunal became final fourteen days after it was mailed, or on July 1, 2016. *See* TEX. LAB. CODE ANN. § 61.061(c). The deadline for filing a suit for judicial review of the decision was thirty days after the date the decision was mailed, or July 18, 2016.[2] *See id.* § 61.062(b). Because Tojo did not exhaust its administrative remedies concerning this decision, the trial court was without jurisdiction to review TWC's wage determination. *See In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752. We overrule Tojo's first issue.[3]

---

[2] The 30th day fell on July 17, 2016, a Sunday. Therefore, the deadline to file suit was the following Monday. *See* TEX. R. CIV. P. 4.

[3] Because Tojo's failure to timely seek judicial review is dispositive of this issue, we need not address TWC's alternate arguments that Tojo did not timely appeal the preliminary wage determination to the wage appeal tribunal and that it did not timely name TWC as a party to the suit. *See* TEX. R. APP. P. 47.1.

## III.    DUE PROCESS

In its second issue, Tojo argues that it was denied due process and due course of law because its attorney lacked notice of critical events in the underlying administrative proceedings. While Tojo's petition does not raise a due process claim, out of an abundance of caution and in our sole discretion, we will address its argument. *See Mosley v. Tex. Health & Human Servs. Comm'n*, 593 S.W.3d 250, 265 (Tex. 2019) (providing that the failure to exhaust administrative remedies does not deprive the court of jurisdiction over an appellant's due process claim because the challenge is not a direct attack on the administrative decision).[4]

### A.    Applicable Law

The Texas Constitution's due-course-of-law guarantee provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. Similarly, the Fourteenth Amendment's due-process clause provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. "While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction" and thus "have traditionally

---

[4] In *Mosley*, the Texas Supreme Court confirmed that an appellant seeking judicial review of an administrative order must first exhaust her administrative remedies and comply with jurisdictional prerequisites to suit to invoke the trial court's subject-matter jurisdiction over a suit for judicial review. *Mosley v. Tex. Health & Human Servs. Comm'n*, 593 S.W.3d 250, 258–61 (Tex. 2019). However, the court allowed the appellant to raise a due process claim and concluded that the agency's representations to the appellant regarding exhaustion of administrative remedies were so misleading that they effectively deprived her of her right to seek judicial review. *Id.* at 263–64.

followed contemporary federal due process interpretations of procedural due process issues." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

"Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (first citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); and then citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 (1950)). "It is well-established that 'the failure to give adequate notice violates the most rudimentary demands of due process of law.'" *Mosley*, 593 S.W.3d at 265 (quoting *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ)). Due process is satisfied where notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quoting *Mullane*, 339 U.S. at 314).

## B.   Analysis

The preliminary wage determination was mailed to Tojo's address of record. Tojo, in apparent receipt of this notice, appealed the decision to the tribunal. TWC provided notice of the hearing date to the same address, yet Tojo did not appear. Tojo was then provided notice of the tribunal decision, and Tojo did not timely seek further review. Tojo does not claim it did not receive the notices, and it does not object to their adequacy. Nevertheless, it maintains that its due process rights were violated because TWC did not separately notify Tojo's *attorney*. We disagree.

The applicable statutes require that notices be sent to each party's last known address, as reflected by commission records. *See* Tex. Lab. Code Ann. §§ 61.052(c), .061(b). They do not require notice to a party's attorney. *Cf.* Tex. R. Civ. P.

8 (requiring communications in judicial proceedings to be sent to attorney, as opposed to represented party). Aside from its conclusory assertion, Tojo provides no argument or authority for its position that the failure to separately notify a party's attorney in an administrative proceeding is a violation of due process, when the party itself has received notice in accordance with the governing statute. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Pappas Rests., Inc. v. State*, No. 01-15-00001-CV, 2016 WL 3900720, at \*6 (Tex. App.—Houston [1st Dist.] July 14, 2016, no pet.) (mem. op.) (concluding that Rule 8 of the Texas Rules of Civil Procedure was inapplicable to condemnation proceedings where the pertinent statute stated that service could be made on the parties). Because Tojo does not argue or provide evidence that it did not receive notice of the tribunal hearing and decision, and the statute does not require service on a party's attorney, it is unable to establish a violation of its due process rights. We overrule Tojo's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA
Justice

Delivered and filed on the
9th day of March, 2023.